**MADE JS-6/REMAND**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BETTY LUCKETT | ) | No. CV 07-8283-GW(AGRx) |
| | ) | |
| Plaintiff(s), | ) | **RULING ON MOTION FOR REMAND** |
| | ) | |
| v. | ) | |
| | ) | |
| DELL, INC., et al. | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |

**Luckett v. Dell, Inc.**, Case No. CV 07-8283
Ruling on Motion for Remand

## I. Introduction

Plaintiff brought this action claiming that she suffered a debilitating electric shock while using a laptop computer manufactured by Defendant Dell, Inc. Plaintiff filed her Complaint in state court on October 25, 2007, against Dell and Does 1 through 50. On December 21, 2007, Dell removed the matter to federal court on the basis of diversity of citizenship, *i.e.* Plaintiff is a California citizen and Dell is a Delaware corporation with its principal place of business and headquarters in Texas.

Upon Plaintiff's application to amend the Complaint by substituting identified persons for Doe defendants, on August 7, 2008, Judge Schiavelli issued an Order adding the following entities as defendants: 1) Lite-On Trading USA, Inc. ("Lite-On"), 2) American Power Conversion Corporation ("APCC"), and 3) Hewlett-Packard Company ("HPC").

On October 1, 2008, Plaintiff filed an Ex Parte Application to remand this lawsuit because Lite-On is a California corporation and, hence, diversity was destroyed.

On October 8, 2008, this action was reassigned to the undersigned judicial officer. That matter was set for hearing and thereafter the Court allowed supplemental briefing.

## II. Analysis

Dell attacks Plaintiff's motion to remand by raising arguments in four areas: 1) Plaintiff's purported procedural errors/omissions; 2) that this Court should re-consider its August 7th Order granting leave to amend the Complaint; 3) that Lite-On is not the actual entity involved in the situation; and 4) Lite-On is a "sham" defendant and/or is not an indispensable party.

Dell initially notes that Plaintiff never informed Judge Schiavelli at the time she made her application to substitute in parties for the Doe defendants that, as a result of the grant of that request, diversity jurisdiction could/would be eliminated. However, as pointed out by Plaintiff, Dell fails to cite to any statute or case that establishes or recognizes that obligation. 28 U.S.C. § 1447(e) does provide that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." While one might suggest that the judge would want to know if the additional defendant(s) would destroy jurisdiction, there is no basis to put the onus upon the plaintiff to provide that information as opposed to the defendant. Indeed, perhaps the court *sua sponte* should have made an inquiry at that time. Further, even assuming such an obligation, Dell has provided no evidence to suggest that Plaintiff in fact knew or intended that the addition of Lite-On would destroy diversity jurisdiction. Indeed, arguably Dell should have been on notice of this issue since Lite-On was added as a defendant because of its supposed business relationship with Dell, *i.e.* being the purported supplier of the power cords which were included with Dell's laptops.[1]

---

[1] One would expect Dell to be more familiar with (and have access to evidence of) the citizenship of entities from whom it obtains the component parts for its computers, as compared to an individual who simply has purchased one of Dell's computers.

Dell also argues that Plaintiff's motion was initially made as an ex parte application on October 1 while there was a motion cut-off date of October 13, after the discovery cut-off date had lapsed, and after Dell had already moved for summary judgment. Although this Court is sympathetic to Dell's objections, it is noted that Plaintiff's motion to remand is based upon a claim of a lack of subject matter jurisdiction which can be raised at any time by any party or the court itself, even after judgment. *See American Fire & Cas. Co., v. Finn*, 341 U.S. 6, 17-18 (1951). Therefore, Dell's procedural objections are rejected. Indeed, prior to his departure, Judge Schavelli granted Plaintiff's request for an order shortening time to hear the motion to remand because of the potential for there being no valid basis for subject matter jurisdiction in federal court.

Second, Dell asks this Court to re-consider its Order allowing Plaintiff to add the three new defendants in lieu of Does 1 through 3. This Court declines to do so unless it finds that Lite-On is a sham defendant or otherwise an improper party. The mere fact that diversity jurisdiction would be destroyed because of the addition of the defendants would not cause this Court to re-consider that Order. If the three new defendants are potential joint tortfeasors along with Dell, then the matter should be resolved in one action to avoid needless duplication of litigation efforts and the potential for inconsistent results.

Third, Dell claims that the power cord involved in this matter was not manufactured by Lite-On but rather by a company called "LiteOn Technology Corporation" ("LTC"), which it contends is a Taiwanese corporation. However, as pointed out in paragraphs 6 and 7 of the Supplemental Declaration of Gary L. Tysch, at the July 17, 2008 inspection of the subject computer and peripheral components that was arranged between counsel for Plaintiff and for Dell, a representative from Lite-On (Jack Horta) was invited to attend apparently by Dell's counsel. Plaintiff's counsel states that Horta "identified himself as a representative of the manufacturer of the power supply cord which had been used at the time that Plaintiff suffered her injuries" and that, subsequently, Dell's counsel had identified Lite-On as the manufacturer or distributor of the power supply cord and its adapter.[2] *Id.* at ¶¶'s 8 and 12. In opposition, Dell has submitted the Declaration of Ange Kogutz who is a "Resolution Specialist" with Dell who states (in paragraphs 5 and 6) that Plaintiff's laptop (*i.e.* the Latitude D505) used a power adaptor that was manufactured by LTC and not Lite-On.[3]

Additionally, after having served Lite-On in September of 2008 and having received no response, Plaintiff obtained an entry of default by the Clerk on December 1, 2008. On December 4, 2008, Plaintiff and Lite-On submitted a "Stipulation Setting Aside Entry of Default" which stated in part:

Plaintiff contacted the agent of service for Lite-On Trading, a California corporation. Lite-On Trading is wholly owned by Lite-On Technology Corporation ("LTC") through two or three intermediary Lite-

[2] Dell's counsel (*i.e.*, Lisa Wegner) denies ever advising Tysch that "Lite-On trading USA, Inc., was the manufacturer or distributor of Plaintiff's power supply cord. She states that she only advised Tysch that "Lite On" was the manufacturer of the item as designated on the adapter/cord itself. *See* paragraph 3 of Declaration of Lisa Wegner and Exhibit B to Kogutz Declaration.

[3] Initially, one wonders as to why Dell did not bother to point out that purported fact in response to Plaintiff's application to add Lite-On as a defendant herein.

On companies.  LTC is a publicly listed Taiwanese corporation.  Each corporation has a different agent of service.  If the adapter which allegedly contributed to Plaintiff's injury was manufactured by a Lite-On company, it would have been manufactured by LTC, not Lite-On Trading.  Thus, LTC is a proper party to this action.

At this time, it is unclear whether Lite-On Trading acted as a distributor of the product or products in question.  Thus, it is unclear whether Lite-On Trading is a proper party to this action.  LTC is in the process of determining whether Lite-On Trading distributed the product or products in question.  In the event that it is discovered that Lite-On Trading is a proper party to this action, the parties agree that LTC's counsel will accept service of process for Lite-On Trading.

In its December 8, 2008 Order setting aside the default, this Court stated:

> As set forth in the Stipulation, Lite-On Technology Corporation is the proper Lite-On entity to respond to the complaint. * * * *
> Further, as set forth in the Stipulation, if it is determined that Lite-On Trading USA, Inc., distributed the product or products in question, Lite-On Trading will respond to the complaint within thirty (30) days . . . .

On December 23, 2008, both Lite-On and LTC filed an Answer to the Complaint and filed cross-claims against HPC and APCC.  Thus, Lite-On does not appear to be a sham defendant.

A plaintiff's motion for remand effectively forces a defendant who has invoked the federal court's removal jurisdiction to prove by a preponderance of the evidence whatever is necessary to support that jurisdiction.  See *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  For example, if a defendant argues that a named co-defendant was fraudulently joined or is a "sham," the removing defendant bears the burden of proof.  See *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), aff'd 710 F.2d 549 (9th Cir. 1983).

Here, while there is a preponderance of the evidence that Lite-On did not manufacture the power supply cord at issue, there is not a preponderance of the evidence that Lite-On was not involved in the distribution of the cord.  Indeed, as provided in this Court's December 8th Order, Lite-On was only obligated to file an answer if it was determined that Lite-On was involved in the distribution of the cord.  It did file an Answer.  Moreover, in its Cross-Claim, Lite-On states that it was a California Corporation "at all times material hereto."

In light of the above, this Court finds that Lite-On is a California corporation and that Plaintiff's allegation - that Lite-On was involved in the distribution of the power supply cord at issue in this case - has a sufficient factual basis such that it is not made in bad faith.  Thus, Lite-On has not been fraudulently joined nor is it a sham defendant.

Fourth, Dell's contention that Lite-On is not an indispensible party and hence that remand is not mandatory – is misplaced.  In the Judicial Improvements and Access to Justice Act (Pub. No. 100-702, § 1016, 102 Stat. 4642, 4669-70 (1988)), Congress dealt with the issue of Doe defendants for purposes of diversity jurisdiction and remand.  28

U.S.C. § 1441 was amended to note that: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." However, 28 U.S.C. § 1447(e) now provides that: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the state court." As noted in the Commentary on the 1988 Revision of section 1447, contained at pages 399-401 of 28 USCA §§ 1442-1490 (Thompson West 2006), subdivision (e) of section 1447 addresses the subject of what the federal court can do when faced with the situation of a plaintiff's seeking to add a new defendant who will destroy diversity jurisdiction. As stated on page 401, the court has only 2 choices: 1) deny the motion or 2) grant it and remand the case. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cri. 2001). Here, Judge Schiavelli, did grant the amendment of the complaint to add Lite-On but he did not remand the case. However, Plaintiff has timely moved to remand.

Dell also argues that this Court should drop Lite-On from the lawsuit under Fed.R.Civ.P. 21. Given this Court's finding that Lite-On is not a "sham" defendant, there does not appear to be any appropriate basis for taking that discretionary action.

III. Conclusion

Lite-On is presently a defendant in this case and its presence destroys diversity jurisdiction. For the reasons stated above, this Court will not reconsider Judge Schiavelli's August 7, 2008 Order allowing the substitution of Lite-On, APCC and HPC in place of Doe defendants 1 through 3.[4] Nor will this Court drop Lite-On as a defendant under Fed.R.Civ.P. 21. Therefore, this Court will grant Plaintiff's motion to remand.

Dated: This 16th day of January, 2009.

GEORGE H. WU
United States District Judge

---

[4] It is also noted that in addition to Lite-On, HPC may also destroy diversity jurisdiction. Originally incorporated in California but later re-incorporated in Delaware, HPC's corporate headquarters are located in Palo Alto, California.